# Wytheville

J. C. Anderson v. Attilio Biazzi and Lidia Biazzi, His Wife, and Others.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Browning, Chinn, and Eggleston, JJ.

The opinion states the case.

*Amos C. Crounse* and *H. W. Dudley,* for the appellant.

*J. Randall Caton, Jr., Jesse, Phillips & Klinge* and *Caldwell C. Kendrick,* for the appellees.

GREGORY, J., delivered the opinion of the court.

This appeal brings before us the construction of this pertinent portion of Code, section 5827, as amended by Acts 1922, ch. 420: "No deed of trust or mortgage * * * shall be enforced after twenty years * * *." The issue is presented through the following facts: On May 6, 1914, one Donald McDonald was the fee-simple owner of two lots in Moore's Addition to Clarendon and by deed bearing date of May 6, 1914, and duly recorded he conveyed the said lots to Ball, trustee, to secure the payment of a note for the sum of ·$200, with interest thereon, made by the said McDonald and payable to the order of J. C. Anderson, appellant here. The note became due on June 21, 1914. The note and interest thereon at the time of the institution of this suit on March 20, 1934, amounted to $438.50.

On August 15, 1916, by deed duly acknowledged and recorded McDonald conveyed the said lots to the appellee, Attilio Biazzi, who was the fee-simple owner at the time of the institution of this suit. Biazzi, by deed bearing date July 14, 1932, duly recorded, conveyed the said lots to Catron, trustee, to secure Alexandria Trust and Mortgage Corporation the sum of $1,100 and interest, which said sum was payable in monthly installments of $25 each.

The complainant below, the appellant here, prior to the institution of this suit according to the allegation in the bill, lost his note of $200, which was secured by the deed of trust to Ball, trustee, and because he was unable to produce the said note the trustee refused to sell the said lots under the terms of the deed of trust. Within the statutory period of twenty years from the maturity of the note held by the appellant, that is on March 20, 1934, he instituted this suit for the purpose of subjecting the said lots to the payment of his debt. The complainant set forth in his bill of complaint that he offered to indemnify all persons against damages by reason of the loss of said note.

The defendant, Biazzi, in the court below filed a plea of the twenty-year statute of limitation and upon this plea

issue was joined and the trial court sustained the same and by decree dismissed the suit.

All of the assignments of error are directed to the action of the court in sustaining the said plea of the twenty-year statute of limitation.

The following dates are material; the deed of trust sought to be enforced was made on May 6, 1914, and the note secured thereby became due and payable on June 21, 1914. The present suit was instituted on March 20, 1934. Less than twenty years had elapsed between the maturity of the note and the institution of this suit.

On June 26, 1934, a few days after the expiration of the twenty-year period, the court heard a motion to strike the plea of the twenty-year statute of limitation and after mature consideration it held that even though the suit was instituted before the expiration of the twenty years, yet, inasmuch as twenty years had elapsed while the suit was pending and before the property was sold it constituted a complete bar to the enforcement of the deed of trust and the suit was dismissed. In other words the court held, in effect, that the institution of the suit did not suspend or toll the running of the statute and that as the deed of trust had not been actually *enforced* within the twenty years it was forever barred, notwithstanding the institution and pendency of the suit.

The appellant contends that the institution of the suit suspended the statute while the appellee contends that nothing short of the *enforcement* of the deed of trust *within the twenty-year period* could meet the requirements of the statute.

██ The statute provides that "No deed of trust * * * shall be enforced after twenty years." The word "enforce," according to Funk & Wagnalls Comprehensive Standard Dictionary, means to put into execution by force. Our view is that the statute should be construed to mean that the institution of the suit is the enforcement of the deed of trust and that if the suit is instituted before the

expiration of the twenty-year period, the bar of the statute does not become effective.

If the word "enforced" used in the statute and as applied in this case means an actual sale of the property, confirmed by the court and the title finally and irrevocably lodged in the purchaser by an unappealable decree of court then undoubtedly there would not be a twenty-year limitation. The limitation, instead of being twenty years, would be twenty years less the time that would be required to begin the suit and obtain a final decree disposing of the property. It is obvious that the limitation would be indefinite. Under this construction a suit might be brought ten years after the obligation has matured and through no fault of the creditor it might continue for eleven years before the title to the property could be finally conveyed to the purchaser, yet, the twenty-year period having expired before the sale was finally consummated, it would bar the enforcement of the deed of trust. This bar would occur during the pendency of the suit that had been brought for the very purpose of subjecting the property under the deed of trust. Litigation is uncertain. It pends, in some cases, for many years. This is common knowledge. A creditor seeking to enforce his deed of trust would have to institute his suit and end the litigation before the twenty years expires. If perchance the twenty years expired during the pendency of the suit, as in the case at bar, the court would be ousted of jurisdiction of the case though in the beginning it had jurisdiction.

In *Gee* v. *McCormick*, 142 Va. 173, 128 S. E. 541, we held, in construing section 6306, which provides a limitation of time within which steps must be taken to set aside a sale of land which has been confirmed by the court that a bill of review filed within the twelve months' period allowed for setting aside the sale stopped the running of the limitation though the decree actually setting aside the sale was not entered until after the twelve months had expired. That statute provides in part that "If a sale of property

be made under a decree * * * and such sale be confirmed, the title of the purchaser at such sale shall not be disturbed unless, within twelve months from such confirmation, the sale be set aside by the trial court * * *."

It was urged in that case that because the sale had not been actually set aside within the twelve months the bar of the statute became effective, but the court held that the institution of the proceeding to set the sale aside (filing the bill of review) operated to prevent the bar of the statute though the sale was not actually set aside until after the twelve months' period had run.

We do not think the legislature, in enacting section 5827, intended, from the language, "No deed of trust or mortgage * * * shall be enforced after twenty years * * *," that a final decree, from which there could be no appeal and under which there must be an irrevocable conveyance of the property to the purchaser, would be required. We think the legislature meant by the language used, that the institution of a suit to subject the land was the enforcement of the deed of trust or mortgage.

The motion to strike the plea of the twenty-year statute of limitation should have been sustained. The decree will be reversed, and the cause is remanded for further proceedings to be had not in conflict with the views herein expressed.

*Reversed.*