# Richmond

B. A. CUNNINGHAM, ADM'R, ETC. v. LEWIS B. WILLIAMS,
AND OTHERS.

November 24, 1941.

Record No. 2390.

Present, All the Justices.

The opinion states the case.

*Robert Lewis Young* and *May, Simpkins & Young,* for the appellant.

*Shackelford & Robertson,* for the appellees.

HOLT, J., delivered the opinion of the court.

On October 9, 1912, Lewis B. Williams and wife conveyed certain lands in Orange county, Virginia, and certain lands in Louisa county, Virginia, to E. H. DeJarnette, Jr., trustee, in trust to secure the payment of two bonds of even date, one for $1,200.00, payable to J. W. Dulin at one year from date, and one for $400.00, payable to E. H. DeJarnette at one year from date. This trust deed was recorded in Louisa county on October 22, 1912, and in Orange county on October 23, 1912.

The Dulin bond was assigned to the Bank of Louisa on October 18, 1915.

On April 14, 1920, Williams and wife conveyed these Orange county and Louisa county lands to A. T. Gordon, trustee, in which deed R. L. Gordon, Jr., was named party of the third part, the purposes of this conveyance, so far as this cause is concerned, being stated in the deed. They read:

"IN TRUST HOWEVER, to secure the said third party the sum of $1,200.00 secured to J. W. Dulin in the deed of trust aforesaid assigned by the said Dulin to the Bank of Louisa and assigned by said bank to said third party, for which the said L. B. Williams has executed his note to the said Bank of Louisa dated this day and payable on demand after date, on which the said third party is bound as endorser, for $1,256.80 being said sum of $1,200 and accrued interest and also to secure the said third party as endorser for the said L. B. Williams upon the following negotiable note for the sum of $636.60 bearing even date with this deed and payable 4 months after date at the Bank of Louisa, Louisa, Va., and any renewal or renewals thereof. Also to secure to the said

R. L. Gordon, Jr., a note for the sum of $138.92 bearing even date with this deed and payable twelve months after date with legal interest from date, executed by said L. B. Williams, and payable at the said Bank.''

This trust deed was admitted to record in Louisa county on April 17, 1920, but was not recorded in Orange county until October 11, 1933.

On April 19, 1920, Williams and wife by deed of general warranty conveyed their interest in these Orange county lands to Joseph H. Winslow, the consideration being $1,500.00, receipt of which was acknowledged. That deed was admitted to record in Orange county on May 22, 1920.

In the deed book of Orange county wherein the trust deed of October 9, 1912, is recorded appears this marginal entry:

''October 6, 1933. The lien of this deed of trust is hereby extended as to the bond for $400.00 hereby secured and same may be foreclosed at any time within 20 years from this date as to said $400.00 bond but the lien as to the $1,200.00 bond is not revived or extended.

''Witness our hands and seals.

''LEWIS B. WILLIAMS          Seal
''LUCY WELCH WILLIAMS     Seal
''J. H. WINSLOW                   Seal

''Teste:

''KATHERINE B. BROWN,
Dep. Clerk.''

On October 6, 1933, Williams' wife and J. H. Winslow conveyed both the Louisa county lands and the Orange county lands to E. H. DeJarnette, III, trustee, in trust to secure the payment of the $400.00 note secured by the deed of October 9, 1912. This deed was recorded in Louisa county on October 7, 1933.

The Dulin bond, due one year after date, became due on October 9, 1913. This suit, in which R. L. Gordon, Jr., and A. T. Gordon, trustee, are named as complainants, was brought to the first September rules of the Circuit Court of Orange county, 1937. The bill is signed: "Complainants—By Counsel—A. T. GORDON."

The court was asked that "the equities between your complainant, R. L. Gordon, Jr., and said DeJarnette as to each tract be settled and determined, and that a decree be entered subjecting both the tracts of land located in Orange county and the tract of land located in Louisa county, Virginia, to the satisfaction of your complainant, R. L. Gordon, Jr.'s, debt; * * * "

Winslow and wife filed their answer and crossbill on November 3, 1937, in which they charged that the Gordon deed of trust was barred by the statute of limitations so far as they were concerned. As against the $400.00 bond they also set up certain equitable defenses.

On January 22, 1938, R. L. Gordon, Jr., demurred to the Winslow answer and crossbill, and in his demurrer set forth matters relied upon by him to show that the statute of limitations did not apply. The cause came on to be heard, and on February 4, 1938, the court entered this decree:

"This cause came on this 4th day of February, 1938, to be heard upon the complainants' bill of complaint and the exhibits therewith duly filed at the first September rules, 1937; upon process returned duly executed as to each of the defendants; upon the answer and crossbill of Joseph H. Winslow and Mary H. Winslow duly filed November 3rd, 1937; upon process returned duly executed as to each of the defendants named in said answer and crossbill; upon the answer of E. H. DeJarnette, Jr., and E. H. DeJarnette, III, trustee, and M. T. Johnson to said original bill and crossbill duly filed herein November 9th, 1937, with general replication to each of said answers; upon the demurrer of R. L. Gordon, Jr., to the answer and crossbill of Joseph H. Winslow and Mary H.

Winslow, and complainants' demurrer to the answer of Jos. H. Winslow and Mary H. Winslow and was argued by counsel.

"On consideration whereof the court doth overrule the said demurrer, to which action of the court R. L. Gordon, Jr., by counsel excepted."

On March 26, 1938, this decree was entered:

"This cause . . . on this day to be again heard upon the papers formerly read, and was argued by counsel;

"And it being suggested to the court that on March 18, 1938, while the January term of this court was still open the plaintiff presented to the court for entry a decree dismissing the plaintiff's bill in so far as it seeks to subject the lands of Joseph H. Winslow to the lien of the deeds of trust set out in the bill and proceedings herein, the court being of the same opinion as it was when it overruled the plaintiff's demurrer to the answer and crossbill of Joseph H. Winslow, by its decree herein on February 4, 1938; and E. H. DeJarnette, Jr., having objected to the entry of such decree, and the court being unable to set the case for argument during this term of court, on motion of the plaintiff by counsel doth adjudge, order and decree that the plaintiff's motion to enter said decree be and the same is hereby continued to the March term of this court."

On April 12, 1938, the deposition of S. A. Cunningham was taken. It was filed on April 21, 1938. On June 8, 1938, it was adjudged, ordered and decreed:

"1. That the deed of trust dated October 9, 1912, from Lewis B. Williams and wife to E. H. DeJarnette, Jr., trustee, became absolutely barred by the statute of limitations October 9, 1933, and before the institution of this suit as to the debt of $1,200.00 of said R. L. Gordon therein secured.

"2. That the deed of conveyance from Lewis B. Williams and wife to Joseph H. Winslow, dated April 19, 1920, duly recorded in the clerk's office of Orange county, Virginia, on May 22, 1920, in Deed Book 83, page 208,

was acknowledged, delivered and recorded by the said Joseph H. Winslow without actual or constructive knowledge of the said deed of trust from Lewis B. Williams and wife to A. T. Gordon, trustee, dated April 14, 1920, and recorded in the clerk's office of Orange county, Virginia, October 11, 1933, after the said deed of trust of October 9, 1912, had become barred by the statute of limitations, conveyed to the said Joseph H. Winslow title to the said Orange county property clear of the lien of the said deed of trust dated April 14, 1920.

"3. That the prayer of the said bill to subject the Orange county land to the lien of the debt of the said R. L. Gordon, be and the same is hereby denied."

On June 17, 1938, the decree of June 8, 1938, was expressly limited to the Orange county land, and it was again stated that the $1,200.00 debt therein secured was barred as to the Winslows so far as it affected the Orange county land.

On March 25, 1940, the death of R. L. Gordon, Jr., was suggested and S. A. Cunningham qualified as his administrator c. t. a., and he was substituted as a party plaintiff. On June 20, 1940, he asked leave by counsel to file a petition for rehearing to the decree of June 8, 1938. Leave to file this petition for rehearing was denied by decree of June 20, 1940.

Complainant in his petition for appeal said that "on the 8th day of June, 1938, the court entered a decree, the single effect of which was to hold that the complainant, R. L. Gordon, Jr., had no lien upon the lands involved in the suit which lay in Orange county."

Code of 1887, section 2935, provides:

"No deed of trust or mortgage hereafter given to secure the payment of unpaid purchase money, shall be enforced after twenty years from the time when the right to enforce the same shall have first accrued; but this section shall not be construed to embrace any deed of trust or mortgage executed by a corporation."

Since a limit to the life of this lien was thus fixed by statute, it could only be extended by statute, and that,

as we shall see, was afterwards done by an act approved February 24, 1898, Acts of Assembly, 1897-98, p. 516. It contains the same provisions as to the enforcement of a trust deed lien. It is also provided that "limitations prescribed by this section may be extended by an endorsement to that effect entered upon the margin of the page of deed book on which the same is recorded, * * * "

It was again amended in 1922, Acts of Assembly, 1922, p. 732. By this amendment the limitation is made to run from "the time when the obligation last maturing thereby secured shall become due and payable; provided that the period of one year from the death of any party in interest shall be excluded from the computation of time * * * when such endorsement is duly executed by the party in whom the beneficial title to the property so encumbered is at the time of such endorsement * * * ."

The last amendment appears in Acts of Assembly, 1934, p. 478. Here the limitation runs from the time when the original obligation last maturing thereby secured shall have become due and payable.

None of these amendments, except that which provides for marginal endorsement, have any special bearing upon the issue here. Both debts secured in the deed of 1912 fell due at the same time. The twenty-year limitation appears in each of them, and the validity of the Gordon lien was decided long before his death, both in the decree of February 4, 1938, and in the decree of June 8, following.

Before the Code of 1887, there was no time-limit to these trust deed liens and no provision had been made for their extension. None was needed. They remained in effect until the debt was paid, payment to be established by evidence or by presumption unrebutted. After 1887 a twenty-year time-limit was fixed, and the law thus stood until February 24, 1898, when, by marginal endorsement, extension was permitted and made easy, although it was always possible for parties interested to substitute a new lien for the old one. A deed of trust

or mortgage might be placed upon the same land for the old debt and upon such terms as might be agreed upon. The new lien would be subject to such rights of others as might have intervened. There could be no such intervention where the statutory marginal extension was made as distinguished from a new lien substituted for the old. This legislation should receive sympathetic consideration. It tended to make certain matters which had been uncertain and to prevent disputes. A definite provision for extension of the twenty-year period was made, without which a lien could not have been extended at all.

We have heretofore had occasion to consider these marginal endorsements.

In *Wilson* v. *Butt,* 168 Va. 259, 190 S. E. 260, 109 A. L. R. 1434, we said:

"The lien of this trust deed was not extended in the manner provided for by statute and so went out of being on August 6, 1924, * * * "

In *Cohen* v. *Jenkins,* 125 Va. 635, 100 S. E. 678, it was said that the statute "creates an absolute bar to any proceeding for the enforcement of a deed of trust or mortgage after twenty years from the time the right to enforce" the same shall have first accrued, citing Code, section 2935. See also Barton's Chancery Practice, Third Ed., Vol. 1, Ch. 2, pp. 35 to 37.

The trust deed of April 14, 1920, gave to the $1,-200.00 debt secured by the deed of 1912 a new lien on the same land there conveyed. Whether it be considered as a substitute for or as supplemental to that deed, it is not, accurately speaking, an extension. It was not recorded in Orange county until October 11, 1933, while the right to enforce the lien of the deed of 1912 expired on October 9, 1933. In the meantime the rights of Winslow had intervened. He was a purchaser for value and was charged with such knowledge as are other purchasers of land on which there is a trust deed or mortgage, and no more. He had no actual knowledge, and he was charged

no more with constructive knowledge, of the Louisa county records than with those of Accomack county. He knew that his purchase was subject to the lien of the $1,200.00 debt; he knew of the twenty-year limitation, and he knew that with it the lien would expire, provided no steps had been taken in the meantime looking to its enforcement. It recites the payment of $1,500.00, which is not now questioned. His grantors did "grant, bargain, sell and convey unto the said party of the second part (Joseph H. Winslow) with general warranty of title all their right, title and interest, the same being an undivided one-fifth right, title and interest" in and to the Orange county lands.

"A covenant by a grantor in a deed, 'that he will warrant generally the property hereby conveyed,' shall have the same effect as if the grantor had covenanted that he, his heirs, and personal representatives, will forever warrant and defend said property unto the grantee," etc. Code, section 5171.

The grantors had a one-fifth interest in these Orange county lands. What they conveyed and what they warranted was the title to this one-fifth interest and nothing more.

As plain people sometimes put it, the Gordon claim is below the ford. Mr. Gordon, himself a lawyer, thought so; for on March 26, 1938, he "presented to the court for entry a decree dismissing the plaintiff's bill in so far as it seeks to subject the lands of Joseph H. Winslow to the lien of the deeds of trust set out in the bill and proceedings herein."

The court, in the exercise of its sound judicial discretion, was fully warranted in refusing to entertain the petition for a rehearing. It had already twice considered and rejected the matters there set up. If there was error upon the face of the record, it consisted in the fact that the court had reached the wrong conclusion and had entered an erroneous judgment; for that, the remedy is by appeal. No other substantial reasons are assigned;

and it would have been futile to thresh over old straw. Barton's Chancery Practice, Third Ed., Vol. 1, p. 299.

The court below did not undertake to pass upon the priority of equities, if there were any, between Gordon and E. H. DeJarnette, Jr. This is an appellate court. Upon appeal we confirm that which appears to merit confirmation and correct errors made by the court below. All that court did in this case was to hold that the lien of the $1,200.00 debt had expired by limitation.

The decree appealed from is affirmed, but this cause is remanded that the equities, if there be any, between Gordon and DeJarnette be determined and decreed.

*Affirmed and remanded.*