COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Fulton and White
Argued at Buckingham, Virginia


CVE, LLC

v.        Record No. 0705-24-2

REFUND RECOVERY SPECIALISTS, LLC

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
SEPTEMBER 9, 2025


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
William R. Marchant, Judge

(Joshua Akil; Barber Law Firm, PLLC, on brief), for appellant.
Appellant submitting on brief.

A. Blake Gayle (Zwerdling, Oppleman, Adams & Gayle, on brief),
for appellee.


CVE, LLC ("CVE") appeals an order disbursing to Refund Recovery Specialists, LLC

("RRS") the surplus funds from a judicial sale of property to satisfy a tax balance owed to the City

of Richmond.  CVE argues the court erred in determining that its own claim to the surplus funds—

pursuant to a deed of trust against the property—was barred by a ten-year limitations period in Code

§ 8.01-241(A).  For the following reasons, we affirm.

BACKGROUND

On February 12, 2010, Matthew S. Johnson signed a deed of trust to use a parcel of real

property to secure a promissory note payable to "Equity Trust Company Custodian FBO Anne

Schur IRA."  The deed of trust described the promissory note as "having a maturity date of three

years from the date of this [d]eed of [t]rust"—that is, a maturity date of February 12, 2013.  The

deed of trust provided that a noteholder could demand full repayment if "any lien upon the property

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

hereby conveyed, superior to the lien of this deed of trust, be in default" and that the "[f]ailure to exercise this option shall not constitute a waiver of the right to exercise such option."

Johnson grew delinquent on property taxes. In January 2020, the City of Richmond filed a complaint for the judicial sale of Johnson's property to satisfy the outstanding tax balance. The court appointed a special commissioner, who sold the property at auction for $198,000. On December 10, 2021, the court entered an order of confirmation approving the sale and disbursing proceeds to the City sufficient to satisfy the tax balance and related expenses. The confirmation order provided that surplus funds of $150,584.60 were "[t]o be held in the registry for the benefit of Equity Trust Company Custodian FBO Ann [sic] Schur IRA" and referenced the deed of trust by instrument number and recordation date.

On November 13, 2023, RRS moved to amend the December 2021 confirmation order and asked the court to disburse the surplus funds to RRS on Johnson's behalf.[1] RRS acknowledged that a deed of trust had encumbered the property but argued it was no longer enforceable under Code § 8.01-241(A) because more than ten years had elapsed since the maturity date of the secured debt. Specifically, RRS pointed out that the deed of trust was dated February 12, 2010, secured a promissory note with a maturity date of February 12, 2013, and therefore became unenforceable after February 12, 2023.

CVE also moved to amend the confirmation order, arguing that it had acquired "complete ownership of the DOT [deed of trust]" from Anne Schur and was therefore entitled to the surplus funds. To support its claim, CVE relied on a "[c]ertificate of [t]ransfer" signed by Anne Schur on November 30, 2023, which purported to transfer to CVE the promissory note secured by the deed of

---

[1] Johnson had contracted with RRS to recover the surplus.

trust.[2] CVE filed this motion on December 8, 2023—two days *before* the expiration of a two-year limitations period for asserting claims to surplus funds (Code § 58.1-3967), yet several months *after* the deed of trust expired on February 12, 2023 (Code § 8.01-241(A)).

Following a hearing, the court determined that the deed of trust was unenforceable under Code § 8.01-241(A). Accordingly, the court granted RRS's motion to amend the confirmation order, denied CVE's motion, and ordered that the surplus funds be disbursed to RRS.

ANALYSIS

CVE argues the court erred in holding that its deed of trust was unenforceable under Code § 8.01-241(A). "Whether a lower court has correctly defined and applied a legal standard is a question of law reviewed de novo," *Alexandria City Pub. Schs. v. Handel*, 299 Va. 191, 196 (2020), as are "issues of statutory interpretation," *Taylor v. Commonwealth*, 77 Va. App. 149, 162 (2023). We defer to the court's underlying factual findings unless plainly wrong or without supporting evidence. *See Suffolk City Sch. Bd. v. Walstrom*, 302 Va. 188, 205 (2023).

Code § 8.01-241(A) provides as follows:

> No deed of trust . . . given to secure the payment of money . . . shall be enforced after 10 years from the time when the original obligation last maturing thereby secured shall have become due and payable according to its terms and without regard to any provision for the acceleration of such date . . . .

Code § 8.01-241(A) thus bars actions to enforce a deed of trust brought more than ten years after the maturity date of the secured loan.

---

[2] At a hearing, CVE tendered what it claimed to be the promissory note itself. However, that note was signed on June 19, 2009 and had a maturity date of June 19, 2010—at odds with the promissory note described in the deed of trust. RRS pointed to these and other discrepancies to argue that CVE failed to establish it was a successor-in-interest on the note and, therefore, CVE was not entitled to any surplus funds. The court did not reach this issue because it denied CVE's claim as time-barred. We also do not reach that issue for the same reason.

The "enforcement of [a] deed of trust" is the "institution of the suit." *Anderson v. Biazzi*, 166 Va. 309, 311 (1936) (construing the term "enforce" in a prior version of the statute that provided a 20-year limitations period but was otherwise substantially similar). In *Anderson*, the Supreme Court rejected an argument that to timely enforce a deed of trust, a party had to achieve an "actual sale of the property, confirmed by the court" within the limitations period. *Id.* at 312. Instead, the party must "institute" its enforcement action within the limitations period, or else the deed of trust becomes unenforceable. *See id.* at 311-12. Because the plaintiff in *Anderson* filed a foreclosure action to enforce his deed of trust "before the expiration of the [statutory limitations] period, the bar of the statute [did] not become effective." *Id.*

Here, by contrast, CVE filed nothing until after the statutory limitations period had run. The deed of trust provided that it was "made this 12th day of February, 2010" and secured a "promissory note of even date." It further described the promissory note as "having a maturity date of three years from the date of this [d]eed of [t]rust." Therefore, the maturity date of the secured debt was February 12, 2013. Under Code § 8.01-241(A), the deadline for enforcing the deed of trust was ten years from that date—i.e., February 12, 2023. To enforce a deed of trust means to initiate an action to obtain the value of the lien. *See Anderson*, 166 Va. at 311-13. But CVE filed nothing until December 8, 2023, when it requested disbursement of the surplus funds pursuant to the deed of trust.

Moreover, no predecessor-in-interest to CVE, nor the trustee itself, had ever attempted to enforce the deed of trust, so CVE did not step into the shoes of any litigant that had timely initiated an enforcement action. Although CVE entered a case initiated by the City prior to the expiration of the ten-year limitations period, the City's lawsuit was for purposes of vindicating its tax lien, which was by statute superior to all other liens on the property. *See* Code §§ 58.1-3340, -3344. The City's lawsuit was not an action to enforce the deed of trust, nor would the City have had authority to

enforce the deed of trust—only its own tax lien. *See* Code § 58.1-3967 (outlining procedure for judicial tax sales and disposition of surplus proceeds). Subordinate interests are adjudicated after the tax lien is satisfied. *Id.*; *see also McKeithen v. City of Richmond*, 302 Va. 422, 431 (2023) ("While giving the tax lien superordinate status, [Code § 58.1-3967] requires the court . . . to prioritize and satisfy other claims against the property to ensure an unencumbered sale to the purchaser."). Because the deed of trust was unenforceable when CVE filed its motion attempting to claim the value of the secured debt, the court did not err in denying the action as time-barred under Code § 8.01-241(A).

CVE nevertheless insists that its "entitlement to the proceeds at issue was created *within* the timeframe" allotted by Code § 8.01-241(A)—that is, when Johnson defaulted on his tax obligation and the court entered the December 2021 confirmation order specifying that surplus funds were being held for CVE's deed of trust. According to CVE, these events tolled the ten-year limitations period in Code § 8.01-241(A), and CVE then had two years to claim the surplus funds pursuant to Code § 58.1-3967.

We disagree. Again, Code § 8.01-241(A) requires enforcing a deed of trust before the expiration of ten years, and to "enforce" is to file a pleading to vindicate the right secured by the deed of trust. *See Anderson*, 166 Va. at 311-13. Indisputably, the court's December 2021 confirmation order was not a pleading to enforce the deed of trust; nor was it even the *result* of a pleading to enforce the deed of trust. Instead, the confirmation order resulted from the City's enforcement of its tax lien. Although the order earmarked the surplus funds for the deed of trust, it did not actually adjudicate any claim to the surplus. It merely announced that the surplus was available to the lienholder and contemplated the filing and adjudication of the lienholder's disbursement claim. *See* Code § 58.1-3967. Nothing in the record reflects that the City or court knew or would have known the balance due on the promissory note, the validity of the deed of trust,

or whether any lienholder would be entitled to any or all of the surplus.[3] Because neither the City's complaint for judicial sale, nor the confirmation order, amounted to an "enforcement" of the deed of trust at issue here, these actions did not toll the ten-year limitations period in Code § 8.01-241(A).

We also disagree with CVE's argument that the confirmation order triggered a "right to receive" the surplus funds that was viable for two years under Code § 58.1-3967, regardless of the limitations period in Code § 8.01-241(A). Although Code § 58.1-3967 allows claimants to pursue surplus funds "within two years after the date of confirmation of . . . sale," that two-year period is for claims to "payment of . . . indebtedness secured by [a] lien *chargeable thereon*." (Emphasis added). Here, by the time CVE filed its claim, any lien on the property pursuant to the deed of trust was no longer "chargeable thereon" because the deed of trust had expired under Code § 8.01-241(A). Code § 58.1-3967 does not prolong the limitations period in Code § 8.01-241(A) or revive expired claims. It merely provides a deadline for lienholders to assert claims for adjudication by the court, after which unclaimed funds escheat to the locality. *See* Code § 58.1-3967; *see also McKeithen*, 302 Va. at 441 (analyzing "the escheat provision of Code § 58.1-3967"). Nothing in the statute reflects that it extends the life of a deed of trust that has become unenforceable after ten years under Code § 8.01-241(A).

Significantly, Code § 8.01-241 contains its own mechanism for extending the life of a deed of trust. The statute permits filing a certificate to extend the enforceability of the deed of trust for another ten years. Code § 8.01-241(D). However, the certificate must be filed in the clerk's office and recorded in land records "prior to the expiration of the limitation period." *Id.* It is undisputed that neither CVE nor any predecessor-in-interest ever filed a certificate. CVE cannot rely on Code § 58.1-3967 as an end-run around this failure to extend the deed of trust in the manner provided for

---

[3] The record reflects that not even CVE's manager and president knew the value of the promissory note at the time CVE purportedly purchased it in November 2023.

by Code § 8.01-241(D). *See Cunningham v. Williams*, 178 Va. 542, 550, 551-52 (1941) (declining to revive a deed of trust that "was not extended in the manner provided for by statute" (quoting *Wilson v. Butt*, 168 Va. 259, 267 (1937))).

Finally, CVE argues that the deed of trust's terms prevented it from waiving a right to enforce the lien. Specifically, CVE relies on the following language in the deed of trust: "If any lien upon the property hereby conveyed, superior to the lien of this deed of trust, be in default, then the entire debt secured shall, at the option of the [n]oteholder hereunder, become immediately due and payable[;]" and "[n]o failure of the [t]rustees or the holder upon any occasion to exercise any option hereunder shall be taken or deemed to be a waiver of the right to exercise such option upon any other occasion." CVE claims that, taken together, these provisions gave it (or its predecessor-in-interest) the option to enforce the deed of trust when the City's superior tax lien arose, but failure to exercise the option did not waive any future rights to enforce the deed of trust.

CVE essentially argues that this language gave it an infinite timeframe for claiming the surplus funds. But a contract provision that merely excuses delays in enforcement does not waive the statute of limitations. Under Virginia law, such a waiver must reflect an "intentional relinquishment" of the right to plead the statute of limitations and must comply with restrictions in Code § 8.01-232. *See Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 20 (2019) (quoting *Hensel Phelps Constr. Co. v. Thompson Masonry Contractor, Inc.*, 292 Va. 695, 702 (2016)). In the relevant timeframe, Code § 8.01-232(A) permitted a written promise not to plead the statute of limitations "when (i) it is made to avoid or defer litigation pending settlement of any case, (ii) is not made contemporaneously with any other contract, and (iii) it is made for an additional term not longer than the applicable limitations period."[4] The deed-of-trust language meets none of

---

[4] Code § 8.01-232(A) was amended in 2022, but the amended version applies only to written promises not to plead the statute of limitations made on or after July 1, 2022. *See* 2022 Va. Acts ch. 477.

these requirements and therefore did not waive the ten-year limitations period in Code § 8.01-241(A).

## CONCLUSION

The court did not err in determining that CVE's deed of trust was unenforceable under Code § 8.01-241(A). Therefore, we affirm the judgment below.

*Affirmed.*